JOE P. DUNLOP v. J. M. SMITH, P. V. RECTOR, MARGARET BECK AND E. G. HESTER.

(Filed 9 January, 1929.)

**1. Contracts—Requisites and Validity—Acceptance—Burden of Proof.**

Where the defense to an action to recover the balance alleged to be due on a note after foreclosure of the mortgage securing it, is that the payee agreed to bid the lands in for the full amount of the note, and the evidence discloses an offer to do so without acceptance of such offer, the plaintiff is entitled to recover, and the burden of proving the defense is on the defendant.

**2. Trial—Reception of Evidence—Objections, Motions to Strike Out, and Exceptions.**

It is not error for the court upon the trial to strike out direct evidence and exclude evidence in corroboration of such direct evidence when such evidence is insufficient to sustain the allegations of the answer of the objecting defendant.

APPEAL by defendants from *Moore, J.,* at June Term, 1928, of BUNCOMBE. No error.

Action to recover the balance due on certain notes executed by defendants, J. M. Smith, P. V. Rector and Margaret Beck, payable to the order of defendant, E. G. Hester, and assigned by the endorsement of the payee to the plaintiff, who is now the holder thereof.

In defense of plaintiff's recovery in this action, defendants allege that plaintiff agreed to take the land conveyed by the deed of trust to secure said notes, in satisfaction of same, and in discharge of the defendants from personal liability as makers and endorsers of said notes.

The deed of trust has been foreclosed; plaintiff was the purchaser of the land at the sale by the trustee, at a sum less than the amount due on said notes. This action is to recover the deficiency.

From judgment for plaintiff, in accordance with the verdict, defendants appealed to the Supreme Court.

*Lee, Ford & Coxe for plaintiff.*
*Galloway & Galloway and Weaver & Patla for defendants.*

PER CURIAM. The evidence offered by defendants, in support of the allegations in their answer, upon which they rely as a defense to plaintiff's recovery in this action, tends to show only a purpose on the part of plaintiff to bid the amount of his notes for the land conveyed by the deed of trust, in the event there was a sale of said land by the trustee to foreclose the deed of trust. If it should be held that this evidence was sufficient to show an offer by plaintiff to take the land in satisfaction of the amount due on the notes, and in discharge of defendants from personal liability as makers and endorsers, then it must further be held that there was no evidence tending to show an acceptance of said offer by defendants, or either of them. It cannot be held that plaintiff was estopped by his expression of a purpose, prior to the sale, to bid the amount due on his notes in the event that there was a sale, from maintaining this action. Defendants, or at least some of them, were present at the sale and bid on the land.

The ruling of the court, striking out the testimony of defendant, Smith, and excluding testimony offered in corroboration of Smith's testimony as to what the plaintiff had said to him, were in effect a holding that the testimony was not sufficient as evidence to sustain the allegations of the answer. In this there was no error.

Defendants admitted their liability, as makers and endorsers on the notes. The burden was upon them to offer evidence in support of their defense. They failed to do this. There is no error in the instruction of the court to the jury, which is assigned as error upon defendants' appeal to this Court. The judgment is affirmed. There is

No error.